IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
MDL 2545

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| TESTOSTERONE REPLACEMENT | § | Case No. 1:14-cv-01748 |
| THERAPY PRODUCTS LIABILITY | § | |
| LITIGATION | § | |
| | § | |

**MOHIT KHERA, MD'S OBJECTIONS AND RESPONSES TO SUBPOENA**

Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), Nonparty/respondent Mohit Khera, MD files these Objections and Responses to the subpoena issued to him in the above-numbered and -referenced cause.

                    Respectfully submitted,

                    KROGER | BURRUS

                    BY: /s/ E. Dale Burrus
                    E. Dale Burrus
                    SBN: 24012120
                    burrus@krogerlaw.com
3100 Weslayan, Suite 300
Houston, Texas 77027
713-961-7952 Telephone
713-961-7953 Telecopier

ATTORNEY FOR
MOHIT KHERA, MD

Exhibit C

## CERTIFICATE OF SERVICE

The foregoing document was served in compliance with the Federal Rules of Civil Procedure by the methods designated below, or if not designated, by United States Postal Service First Class Mail, on this, the 23rd day of March 2017.

| | |
|---|---|
| Todd E. Hilton | [ ] via certified mail/return receipt requested |
| STUEVE SIEGEL HANSON | [x] via facsimile (816) 714-7101 |
| 460 Nichols Road, Suite 200 | [ ] via hand delivery |
| Kansas City, Missouri 64112 | [x] via email: hilton@stuevesiegel.com |

*E. Dale Burrus* (signature)

E. Dale Burrus

Exhibit C

## DOCUMENTS TO BE PRODUCED

1. A copy of your full, complete, and current curriculum vitae.

    **RESPONSE:** Dr. Khera objects to this request on the grounds that it is overbroad on its face and poses an undue burden on a nonparty, therefore exceeding the bounds of fair discovery. This request demands the production of information and documentation that is neither necessary nor relevant to issues underpinning the litigation at hand, particularly to the extent that it seeks Dr. Khera's personal documents and information. Further, responsive information is available to Plaintiffs within the public domain, as well as from parties to this suit. The information requested in no way relates to the issues in this matter, and, as such, the request serves as nothing more than harassment and an unwarranted fishing expedition.

2. Any and all documents, memoranda, agreements, communications, memorializations, letters, grant proposals, contracts, and proposals prepared by any individual or entity (including yourself or Auxilium) and whether or not exchanged between you and Auxilium, which relate to, pertain to, or otherwise discuss or describe any and all professional services rendered by you, or proposed to be rendered by you, to Auxilium relating to testosterone products including but not limited to those marketed and sold by Auxilium.

    **RESPONSE:** Dr. Khera objects to this request on the grounds that it is overbroad on its face and poses an undue burden on a nonparty, therefore far exceeding the bounds of fair discovery. This request makes an all-encompassing demand for the production of information and documentation that is

Exhibit C

neither necessary nor relevant to the issues underpinning the litigation at hand, and does so without sufficient specificity or limitation of scope. Further, this request seeks a broad range of personal documentation that in no way relates to the issues central to this matter, and, as such, constitutes nothing more than harassment and an unwarranted fishing expedition. To the extent that relevant and responsive information exists, it is equally available to Plaintiffs through both the public domain and through parties to the lawsuit. The burden on Dr. Khera, a nonparty, to examine extensive records and documents and to then produce documents responsive to this nonexclusive request in accordance with Plaintiffs' specifications is substantial in terms of both expense and inconvenience, particularly when responsive information is more readily available through the public domain and parties to the lawsuit.

3. Any and all documents, memoranda, agreements, communications, memorializations, presentations, slides, slide decks, manuscripts, monographs, white papers, video or audio recordings, letters, grant proposals, contracts, and proposals prepared by any individual or entity (including yourself or Auxilium), whether or not exchanged between you and Auxilium, which relate to, pertain to, or otherwise discuss or describe any and all professional services rendered by you, or proposed to be rendered by you, to, for, or on behalf of Auxilium with respect to:

    a. The education and training of Auxilium personnel, including employees, officers, directors, agents, vendors and contractors, regarding, relating to, or

Exhibit C

       otherwise pertaining to testosterone, hypogonadism, testosterone deficiency, the indications and use for testosterone therapy, the complications and adverse events associated with or caused by testosterone administration to men, and the hypothalamic-pituitary-testicular axis and its regulation;

b.    The provision of services as Key Opinion Leader (KOL), or Opinion and Thought Leader (OTL), member Auxilium's Speakers Bureau, or educator of healthcare providers performed for or on behalf of Auxilium regarding, relating to, or otherwise pertaining to testosterone, hypogonadism, testosterone deficiency, the indications and use for testosterone therapy, the complications and adverse events associated with or caused by testosterone administration to men, and the hypothalamic-pituitary-testicular axis and its regulation;

c.    Any and all work as a consultant, or in the provision of consulting or consultative services, for, or on behalf of, Auxilium regarding, relating to, or otherwise pertaining to testosterone, hypogonadism, testosterone deficiency, the indications and use for testosterone therapy, the complications and adverse events associated with or caused by testosterone administration to men, and the hypothalamic-pituitary-testicular axis and its regulation;

d.    The provision or proposed provision of any and all Investigator Initiated Studies or Investigator Initiated Trials for, on behalf or, or with support from Auxilium in which you were or were proposed to be an investigator or consultant;

Exhibit C

e. The submission for and publications of any articles, journals, entries, reports, analysis, opinion pieces, papers, abstracts, or other works, for, at the request of, with, or on behalf of Auxilium;

f. The provision of or participation in Continuing Medical Education (CME) programs, conferences, and presentation on topics or subjects regarding, relating to, or otherwise pertaining to testosterone, hypogonadism, testosterone deficiency, the indications and use for testosterone therapy, the complications and adverse events associated with or caused by testosterone administration to men, and the hypothalamic-pituitary-testicular axis and its regulation which were funded in whole or in part by Auxilium;

g. The preparation or presentation of any speeches, talks, presentations, discussion, educational materials at a medical professional society or profession medical organization conference or meeting on topics or subjects regarding, relating to, or otherwise pertaining to testosterone, hypogonadism, testosterone deficiency, the indications and use for testosterone therapy, the complications and adverse events associated with or caused by testosterone administration to men, and the hypothalamic-pituitary-testicular axis and its regulation which were funded in whole or in party by Auxilium or which were performed for or on behalf of Auxilium;

h. Services provided to or as a member of any Advisory Board, Scientific Advisory Board, advisory committee, advisory conference, scientific meeting, or scientific or marketing meeting within, for, or on behalf of Auxilium on topics or subjects

Exhibit C

regarding, relating to, or otherwise pertaining to testosterone, hypogonadism, testosterone deficiency, the indications and use for testosterone therapy, the complications and adverse events associated with or caused by testosterone administration to men, and the hypothalamic-pituitary-testicular axis and its regulation;

**RESPONSE:** Dr. Khera objects to this request on the grounds that it is overbroad on its face and poses an undue burden on a nonparty, therefore far exceeding the bounds of fair discovery. This request makes an all-encompassing demand for the production of information and documentation that is neither necessary nor relevant to the issues underpinning the litigation at hand, and does so without sufficient specificity or limitation of scope. Further, this request seeks a broad range of personal documentation that in no way relates to the issues central to this matter, and, as such, constitutes nothing more than harassment and an unwarranted fishing expedition. To the extent that relevant and responsive information exists, it is equally available to Plaintiffs through both the public domain and through parties to the lawsuit. The burden on Dr. Khera, a nonparty, to examine extensive records and documents and to then produce documents responsive to this nonexclusive request in accordance with Plaintiffs' specifications is substantial in terms of both expense and inconvenience, particularly when responsive information is more readily available through the public domain and parties to the lawsuit.

Exhibit C

4.   Any and all documents, correspondence, materials, data, Institutional Review Board documentation, study protocols, consent forms, statistical analyses, journal submissions and correspondence, analysis and commentary of submitted TRiUS manuscripts by peer reviewers and/or journal editors, analysis and commentary of TRIUS manuscripts by any other internal (within Auxilium) or external (outside of Auxilium) reviewers, draft manuscripts with any and all track changes and comments, which relate to, pertain to, or otherwise referencing, discussing, or describing TRIUS.

>   **RESPONSE:**   Dr. Khera objects to this request on the grounds that it is overbroad on its face and poses an undue burden on a nonparty, therefore far exceeding the bounds of fair discovery. This request makes an all-encompassing demand for the production of information and documentation that is neither necessary nor relevant to the issues underpinning the litigation at hand, and does so without sufficient specificity or limitation of scope. Further, this request seeks a broad range of personal documentation that in no way relates to the issues central to this matter, and, as such, constitutes nothing more than harassment and an unwarranted fishing expedition. To the extent that relevant and responsive information exists, it is equally available to Plaintiffs through both the public domain and through parties to the lawsuit. The burden on Dr. Khera, a nonparty, to examine extensive records and documents and to then produce documents responsive to this nonexclusive request in accordance with Plaintiffs' specifications is substantial in terms of both expense and

Exhibit C

inconvenience, particularly when responsive information is more readily available through the public domain and parties to the lawsuit.

5. Any and all correspondence, documents, or materials sent by yourself to Auxilium or sent from Auxilium personnel to you pertaining to, relating to, or otherwise discussing or referencing the September 17, 2014 FDA Joint Meeting of the Bone, Reproductive and Urologic Drugs Advisory Committee and the Drug Safety and Risk Management Advisory Committee Joint Advisory Committee ("FDA Joint Advisory Committee"), the preparation for the September 17, 2014 FDA Joint Advisory Committee meeting, an analysis of the subjects and topics relating to the September 17, 2014 Joint Advisory Committee meeting, or any of the briefing documents that were prepared for September 17, 2014 FDA Joint Advisory Committee meeting.

   **RESPONSE:** Dr. Khera objects to this request on the grounds that it is overbroad on its face and poses an undue burden on a nonparty, therefore far exceeding the bounds of fair discovery. This request makes an all-encompassing demand for the production of information and documentation that is neither necessary nor relevant to the issues underpinning the litigation at hand, and does so without sufficient specificity or limitation of scope. Further, this request seeks a broad range of personal documentation that in no way relates to the issues central to this matter, and, as such, constitutes nothing more than harassment and an unwarranted fishing expedition. To the extent that relevant and responsive information exists, it is equally available to Plaintiffs through both the public domain and

Exhibit C

through parties to the lawsuit. The burden on Dr. Khera, a nonparty, to examine extensive records and documents and to then produce documents responsive to this nonexclusive request in accordance with Plaintiffs' specifications is substantial in terms of both expense and inconvenience, particularly when responsive information is more readily available through the public domain and parties to the lawsuit.

6. Any correspondence with any member of the FDA Joint Advisory Committee meeting the occurred after September 17, 2014 pertaining to, relating to, or otherwise referencing the discussions, results, slide presentations, briefing documents, data, conclusions, and opinions expressed by all participants and speakers at the meeting.

**RESPONSE:** Dr. Khera objects to this request on the grounds that it is overbroad on its face and poses an undue burden on a nonparty, therefore far exceeding the bounds of fair discovery. This request makes an all-encompassing demand for the production of information and documentation that is neither necessary nor relevant to the issues underpinning the litigation at hand, and does so without sufficient specificity or limitation of scope. Further, this request seeks a broad range of personal documentation that in no way relates to the issues central to this matter, and, as such, constitutes nothing more than harassment and an unwarranted fishing expedition. To the extent that relevant and responsive information exists, it is equally available to Plaintiffs through both the public domain and through parties to the lawsuit. The burden on Dr. Khera, a nonparty, to

Exhibit C

examine extensive records and documents and to then produce documents responsive to this nonexclusive request in accordance with Plaintiffs' specifications is substantial in terms of both expense and inconvenience, particularly when responsive information is more readily available through the public domain and parties to the lawsuit.

7. Any and all correspondence, discussions, information exchanges, documents, and materials with the Publication Steering Committee at Auxilium regarding planned, proposed, written, outlined, or described publications on the topic of testosterone or testosterone therapy.

    **RESPONSE:** Dr. Khera objects to this request on the grounds that it is overbroad on its face and poses an undue burden on a nonparty, therefore far exceeding the bounds of fair discovery. This request makes an all-encompassing demand for the production of information and documentation that is neither necessary nor relevant to the issues underpinning the litigation at hand, and does so without sufficient specificity or limitation of scope. Further, this request seeks a broad range of personal documentation that in no way relates to the issues central to this matter, and, as such, constitutes nothing more than harassment and an unwarranted fishing expedition. To the extent that relevant and responsive information exists, it is equally available to Plaintiffs through both the public domain and through parties to the lawsuit. The burden on Dr. Khera, a nonparty, to examine extensive records and documents and to then produce documents responsive to this nonexclusive request in accordance with

Exhibit C

Plaintiffs' specifications is substantial in terms of both expense and inconvenience, particularly when responsive information is more readily available through the public domain and parties to the lawsuit.

8. All documents relating to any Auxilium Advisory Board or Advisory Committee at Auxilium of which you were a member or sat upon, including without limitation, meeting minutes, presentations, memoranda, communications – both written and electronic, outlines, talking points, videos, contracts, and agreements.

    **RESPONSE:** Dr. Khera objects to this request on the grounds that it is overbroad on its face and poses an undue burden on a nonparty, therefore far exceeding the bounds of fair discovery. This request makes an all-encompassing demand for the production of information and documentation that is neither necessary nor relevant to the issues underpinning the litigation at hand, and does so without sufficient specificity or limitation of scope. Further, this request seeks a broad range of personal documentation that in no way relates to the issues central to this matter, and, as such, constitutes nothing more than harassment and an unwarranted fishing expedition. To the extent that relevant and responsive information exists, it is equally available to Plaintiffs through both the public domain and through parties to the lawsuit. The burden on Dr. Khera, a nonparty, to examine extensive records and documents and to then produce documents responsive to this nonexclusive request in accordance with Plaintiffs' specifications is substantial in terms of both expense and

Exhibit C

inconvenience, particularly when responsive information is more readily available through the public domain and parties to the lawsuit.

9. All documents relating to any Auxilium committee or board which included Auxilium personnel, officers, directors, employees or agents, of which you were a member or participant, including without limitation, meeting minutes, presentations, talking points, outlines, attendance lists, memoranda, communications – both written and electronic, contracts and agreements.

    **RESPONSE:** Dr. Khera objects to this request on the grounds that it is overbroad on its face and poses an undue burden on a nonparty, therefore far exceeding the bounds of fair discovery. This request makes an all-encompassing demand for the production of information and documentation that is neither necessary nor relevant to the issues underpinning the litigation at hand, and does so without sufficient specificity or limitation of scope. Further, this request seeks a broad range of personal documentation that in no way relates to the issues central to this matter, and, as such, constitutes nothing more than harassment and an unwarranted fishing expedition. To the extent that relevant and responsive information exists, it is equally available to Plaintiffs through both the public domain and through parties to the lawsuit. The burden on Dr. Khera, a nonparty, to examine extensive records and documents and to then produce documents responsive to this nonexclusive request in accordance with Plaintiffs' specifications is substantial in terms of both expense and

Exhibit C

inconvenience, particularly when responsive information is more readily available through the public domain and parties to the lawsuit.

10. All documents and recordings relating to any video or digital recording on which you appear at the request of, on behalf of, in furtherance of, in conjunction with, or for Auxilium, including without limitation, DVD, other digital media, outlines, scripts, transcripts, talking points, drafts, exhibits, memoranda, communications – both written and electronic, presentations, interviews, feedback and contracts.

    **RESPONSE:** Dr. Khera objects to this request on the grounds that it is overbroad on its face and poses an undue burden on a nonparty, therefore far exceeding the bounds of fair discovery. This request makes an all-encompassing demand for the production of information and documentation that is neither necessary nor relevant to the issues underpinning the litigation at hand, and does so without sufficient specificity or limitation of scope. Further, this request seeks a broad range of personal documentation that in no way relates to the issues central to this matter, and, as such, constitutes nothing more than harassment and an unwarranted fishing expedition. To the extent that relevant and responsive information exists, it is equally available to Plaintiffs through both the public domain and through parties to the lawsuit. The burden on Dr. Khera, a nonparty, to examine extensive records and documents and to then produce documents responsive to this nonexclusive request in accordance with Plaintiffs' specifications is substantial in terms of both expense and

Exhibit C

inconvenience, particularly when responsive information is more readily available through the public domain and parties to the lawsuit.

11. Any and all documents, memoranda, agreements, communications, notes, memorializations, and contracts between you and any agent, employee or consultant for Auxilium (or any of its affiliates, agents or representatives), including but not limited to documents relating to the potential risks, benefits, guidelines and/or indications for Auxilium's TRT products.

>    **RESPONSE:** Dr. Khera objects to this request on the grounds that it is overbroad on its face and poses an undue burden on a nonparty, therefore far exceeding the bounds of fair discovery. This request makes an all-encompassing demand for the production of information and documentation that is neither necessary nor relevant to the issues underpinning the litigation at hand, and does so without sufficient specificity or limitation of scope. Further, this request seeks a broad range of personal documentation that in no way relates to the issues central to this matter, and, as such, constitutes nothing more than harassment and an unwarranted fishing expedition. To the extent that relevant and responsive information exists, it is equally available to Plaintiffs through both the public domain and through parties to the lawsuit. The burden on Dr. Khera, a nonparty, to examine extensive records and documents and to then produce documents responsive to this nonexclusive request in accordance with Plaintiffs' specifications is substantial in terms of both expense and

Exhibit C

inconvenience, particularly when responsive information is more readily available through the public domain and parties to the lawsuit.

12. Any and all documents, memoranda, agreements, communications, notes, memorializations, and contracts with any federal or state regulatory agencies, including but not limited to the United States Food and Drug Administration and the National Institutes of Health referring or relating to Auxilium's TRT products.

  **RESPONSE:** Dr. Khera objects to this request on the grounds that it is overbroad on its face and poses an undue burden on a nonparty, therefore far exceeding the bounds of fair discovery. This request makes an all-encompassing demand for the production of information and documentation that is neither necessary nor relevant to the issues underpinning the litigation at hand, and does so without sufficient specificity or limitation of scope. Further, this request seeks a broad range of personal documentation that in no way relates to the issues central to this matter, and, as such, constitutes nothing more than harassment and an unwarranted fishing expedition. To the extent that relevant and responsive information exists, it is equally available to Plaintiffs through both the public domain and through parties to the lawsuit. The burden on Dr. Khera, a nonparty, to examine extensive records and documents and to then produce documents responsive to this nonexclusive request in accordance with Plaintiffs' specifications is substantial in terms of both expense and

Exhibit C

inconvenience, particularly when responsive information is more readily available through the public domain and parties to the lawsuit.

13.    Any and all meeting minutes or other documents that purport to memorialize the conduct or substance of any meeting which refers or relates to Auxilium's TRT products, including potential risks and potential benefits.

    **RESPONSE:** Dr. Khera objects to this request on the grounds that it is overbroad on its face and poses an undue burden on a nonparty, therefore far exceeding the bounds of fair discovery. This request makes an all-encompassing demand for the production of information and documentation that is neither necessary nor relevant to the issues underpinning the litigation at hand, and does so without sufficient specificity or limitation of scope. Further, this request seeks a broad range of personal documentation that in no way relates to the issues central to this matter, and, as such, constitutes nothing more than harassment and an unwarranted fishing expedition. To the extent that relevant and responsive information exists, it is equally available to Plaintiffs through both the public domain and through parties to the lawsuit. The burden on Dr. Khera, a nonparty, to examine extensive records and documents and to then produce documents responsive to this nonexclusive request in accordance with Plaintiffs' specifications is substantial in terms of both expense and inconvenience, particularly when responsive information is more readily available through the public domain and parties to the lawsuit.

Exhibit C

14. Any and all documents identifying the attendees of any meetings referring or relating to TRT products.

> **RESPONSE:** Dr. Khera objects to this request on the grounds that it is overbroad on its face and poses an undue burden on a nonparty, therefore far exceeding the bounds of fair discovery. This request makes an all-encompassing demand for the production of information and documentation that is neither necessary nor relevant to the issues underpinning the litigation at hand, and does so without sufficient specificity or limitation of scope. Further, this request seeks a broad range of personal documentation that in no way relates to the issues central to this matter, and, as such, constitutes nothing more than harassment and an unwarranted fishing expedition. To the extent that relevant and responsive information exists, it is equally available to Plaintiffs through both the public domain and through parties to the lawsuit. The burden on Dr. Khera, a nonparty, to examine extensive records and documents and to then produce documents responsive to this nonexclusive request in accordance with Plaintiffs' specifications is substantial in terms of both expense and inconvenience, particularly when responsive information is more readily available through the public domain and parties to the lawsuit.

15. Any and all documents, memoranda, agreements, communications, notes, memorializations, and contracts between you and any media entity referring or relating to Auxilium, or its TRT products.

**Exhibit C**

**RESPONSE:** Dr. Khera objects to this request on the grounds that it is overbroad on its face and poses an undue burden on a nonparty, therefore far exceeding the bounds of fair discovery. This request makes an all-encompassing demand for the production of information and documentation that is neither necessary nor relevant to the issues underpinning the litigation at hand, and does so without sufficient specificity or limitation of scope. Further, this request seeks a broad range of personal documentation that in no way relates to the issues central to this matter, and, as such, constitutes nothing more than harassment and an unwarranted fishing expedition. To the extent that relevant and responsive information exists, it is equally available to Plaintiffs through both the public domain and through parties to the lawsuit. The burden on Dr. Khera, a nonparty, to examine extensive records and documents and to then produce documents responsive to this nonexclusive request in accordance with Plaintiffs' specifications is substantial in terms of both expense and inconvenience, particularly when responsive information is more readily available through the public domain and parties to the lawsuit.

16. Any and all documents, memoranda, agreements, communications, notes, memorializations, and contracts referring or relating to any advertisement, promotion, sales, or marketing for Auxilium's TRT products.

**RESPONSE:** Dr. Khera objects to this request on the grounds that it is overbroad on its face and poses an undue burden on a nonparty, therefore far exceeding

Exhibit C

the bounds of fair discovery. This request makes an all-encompassing demand for the production of information and documentation that is neither necessary nor relevant to the issues underpinning the litigation at hand, and does so without sufficient specificity or limitation of scope. Further, this request seeks a broad range of personal documentation that in no way relates to the issues central to this matter, and, as such, constitutes nothing more than harassment and an unwarranted fishing expedition. To the extent that relevant and responsive information exists, it is equally available to Plaintiffs through both the public domain and through parties to the lawsuit. The burden on Dr. Khera, a nonparty, to examine extensive records and documents and to then produce documents responsive to this nonexclusive request in accordance with Plaintiffs' specifications is substantial in terms of both expense and inconvenience, particularly when responsive information is more readily available through the public domain and parties to the lawsuit.

Exhibit C